*** NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER ***

Electronically Filed
Supreme Court
SCWC-12-0000980
15-JAN-2016
08:35 AM

SCWC-12-0000980

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

TESSA LYNN MURPHY,
Petitioner/Defendant-Appellant.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-12-0000980; CASE NO. 1DTA-12-01350)

SUMMARY DISPOSITION ORDER
(By: McKenna, Pollack, and Wilson, JJ.,
with Wilson, J. concurring separately,
and Nakayama, J., dissenting separately,
with whom Recktenwald, C.J., joins)

Petitioner/Defendant-Appellant Tessa Lynn Murphy

(Murphy) seeks review of the Intermediate Court of Appeals's

(ICA) July 2, 2014 Judgment on Appeal filed pursuant to its

May 30, 2014 Summary Disposition Order (SDO). The ICA affirmed

the District Court of the First Circuit's (district court)

judgment.[1]  The district court adjudged Murphy guilty of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaiʻi Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2010).[2]  We accepted Murphy's application for writ of certiorari and now vacate the ICA's Judgment on Appeal and the district court's judgment, and remand the case to the district court.

After being arrested for OVUII, Murphy was taken to the police station, where she was read an implied consent form.[3]

----

[1]     The Honorable David Lo presided.

[2]     HRS § 291E-61(a)(3) (Supp. 2010) provides:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

. . .

(3) With .08 or more grams of alcohol per two hundred ten liters of breath . . . .

[3]     The form read in relevant part:

1.__ Any person who operates a vehicle upon a public way, street, road, or highway or on or in the waters of the State shall be deemed to have given consent to a test or tests for the purpose of determining alcohol concentration or drug content of the persons [sic] breath, blood or urine as applicable.

2.__ You are not entitled to an attorney before you submit to any tests [sic] or tests to determine your alcohol and/or drug content.

3.__ You may refuse to submit to a breath or blood test, or both for the purpose of determining alcohol concentration and/or blood or urine test, or both for the purpose of determining drug content, none shall be

(continued...)

2

Murphy then chose to take a breath test, which resulted in a breath alcohol content reading of 0.132 grams of alcohol per 210 of breath. On certiorari, Murphy contends that she did not constitutionally consent to the breath test because her consent was coerced by the implied consent form, which conveyed a threat of imprisonment and significant punishment for refusal to submit to a breath, blood, or urine test under HRS § 291E-68 (Supp. 2010).

In State v. Won, 136 Hawaiʻi 292, 361 P.3d 1195 (2015), we held that the "coercion engendered by the Implied Consent Form runs afoul of the constitutional mandate that waiver of a constitutional right may only be the result of a free and unconstrained choice," and, thus, a defendant's decision to submit to testing after being read the implied consent form "is invalid as a waiver of his right not to be searched." Following this decision, the result of Murphy's breath test is the product of a warrantless search, and the ICA erred by concluding that the district court properly denied Murphy's motion to suppress the

---

3(...continued)
given [sic], except as provided in section 291E-21. However, if you refuse to submit to a breath, blood, or urine test, you shall be subject to up to thirty days imprisonment and/or fine up to $1,000 or the sanctions of 291E-65, if applicable. In addition, you shall also be subject to the procedures and sanctions under chapter 291E, part III.

breath test result.[4]  Accordingly, Murphy's OVUII conviction

cannot stand.

IT IS HEREBY ORDERED that the ICA's July 2, 2014

judgment on appeal affirming the district court's October 11,

2012 judgment is vacated, and the case remanded to the district

court for further proceedings consistent with our opinion in

State v. Won.

DATED: Honolulu, Hawaiʻi, January 15, 2016.

| | |
|---|---|
| Jonathan Burge<br>for petitioner | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| Brian R. Vincent<br>for respondent | /s/ Michael D. Wilson |



Robert T. Nakatsuji
for *amicus curiae*
Attorney General of
the State of Hawaiʻi

---

[4] Because we vacate the ICA's judgment based on lack of consent, we do not reach her remaining points of error.